Filed 12/1/25  P. v. Fuentes CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO ALEXANDRO FUENTES,<br><br>    Defendant and Appellant. | B345708<br><br>(Los Angeles County Super. Ct. No. BA474267) |

Roberto Alexandro Fuentes (defendant) appeals from a post-judgment order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (formerly section 1170.95).[2]  Defendant's attorney filed a brief raising no issues

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

and asked this court to independently review the record. Defendant submitted a supplemental brief on his own behalf. Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Id*. at pp. 231-232.) Finding none of his arguments meritorious, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant manufactured Molotov cocktails, then drove and acted as the getaway driver while his cohorts threw the homemade firebombs into a structure that caught on fire and resulted in the death of two people. The People charged defendant in December 2023 with two counts of murder (§ 187, subd. (a)) and further alleged the special circumstance that the murders were committed by means of a destructive device (§ 190.2, subd. (a)(6)). In December 2023, defendant pled guilty to two counts of second degree murder. In accordance with the plea agreement, the court sentenced defendant to two consecutive terms of 15 years to life—one for each murder—for a total of 30 years to life in state prison.

On November 12, 2024, defendant filed an in propria persona petition for resentencing, pursuant to section 1172.6. The court appointed counsel. After further briefing from the People and the defendant, the court held a hearing on April 2, 2025.

The court denied relief, finding that defendant's plea was not subject to attack under section 1172.6 because it was entered *after* the statute's operative date.

---

For the sake of simplicity, we will refer to the section by its new numbering only.

Defendant filed this timely appeal.

## DISCUSSION

Section 1172.6 is the procedural vehicle by which persons convicted of murder in now-final judgments can seek to vacate any such convictions that do not satisfy the currently permissible theories of homicide liability, which were established in Senate Bill No. 1437 (2017-2018 Reg. Sess.). (§ 1172.6, subd. (a).)

A trial court may deny a petition for relief under section 1172.6 at the prima facie stage where the record of conviction establishes that the petitioner is ineligible for relief as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) Here, the trial court correctly found defendant was legally barred from relief under section 1172.6 because he had entered his pleas *after* the enactment of the statute. (E.g., *People v. Gallegos* (2024) 105 Cal.App.5th 434, 439, 442-443.)

In his supplemental brief, defendant argues that there is insufficient evidence of his "intent[] to hurt or kill someone" under *People v. Banks* (2015) 61 Cal.4th 788. This argument lacks merit not only because *Banks* has nothing to do with "intent[] to hurt or kill someone," but also because defendant's pleas were entered *after* Senate Bill 1437 already narrowed the scope of murder liability in accord with *Banks*.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, P. J.
HOFFSTADT

3

We concur:

_____, J.

BAKER

_____, J.

KIM (D.)